THE STATE ex rel. SEE, Marshal, v. ALLEN, Auditor.

**In Banc, February 24, 1904.**

1. **FEES OF MARSHAL: Fugitive from Justice.** When the marshal of the Supreme Court executes a *capias* issued by the court, he is entitled to the fees and expenses allowed ·to sheriffs in such cases. But the marshal does not act, and can not act, in his capacity as marshal, in going to another State and bringing back a fugitive from justice. The writs of a Missouri court can only be executed within the jurisdiction of the court—that is, within the State of Missouri. Hence, the marshal, as such, is not entitled, under the Missouri statute, to fees and expenses

incurred in going to another State and bringing back a fugitive from justice, whose judgment of conviction has been confirmed by the Supreme Court. In performing that service he does not act as marshal of the court.

2. ——: ——: Messenger of Governor. Neither is there any provision of law prescribing the amount of fees or expenses to which a messenger, acting under the appointment of the Governor to make an arrest, is entitled for going to another State and arresting. and bringing back to this State and lodging in the penitentiary a person against whom a judgment has been affirmed by the Supreme Court.

3. ——: ——: ——: Mandamus. Since the statute authorizes the Governor to ascertain the fees and expenses to be allowed a messenger appointed by the Governor to go to another State and bring back a fugitive from justice, the Auditor can not be made to pay those fees and amounts until the Governor has determined how much shall be allowed the messenger for such service.

Mandamus.

WRIT DENIED.

*Pope & Belch* for relator.

*Edward C. Crow*, Attorney-General, for respondent.

MARSHALL, J.—This is an original proceeding by mandamus to compel the State Auditor to issue to the relator a warrant for the sum of $365.35, for fees and expenses of the relator, in August, 1902, in going to Wallace, Idaho, and bringing back and placing in the penitentiary, one E. M. Edmiston, who was convicted of bigamy and sentenced to the penitentiary, and who, pending his appeal, became a fugitive from justice in this State.

The petition, which was taken for the alternative writ, alleges that in 1902 the relator was the marshal of this court, and that the respondent was the State Auditor, and then sets out the conviction of said Edmiston, the appeal in his case, the affirmance of the judgment by this court, the issuance to him of a *capias*, the fact that Edmiston had left the State pending his appeal, and that the relator, in his capacity of marshal,

arrested him at Wallace, Idaho, brought him back and put him in the penitentiary, and then shows by an itemized account that his fees and travelling expenses amounted to $365.35, and that the respondent refused to audit or draw a warrant therefor, and asks that he be compelled to do so.

The return admits all the allegations of the petition in express terms, except the allegation that the relator acted in his capacity of marshal, and then sets up affirmatively that at the request of the relator the Governor of this State issued a requisition upon the Governor of Idaho for the return of said Edmiston under the fugitive laws of the United States, and appointed the relator as a messenger to go to Idaho and bring Edmiston back, which the relator did. The return then pleads that section 2744, Revised Statutes 1899, provides that the expenses of the messenger appointed for such purposes shall be ascertained by the Governor, who shall issue his certificate therefor, which shall then be allowed and paid as any other demand against the State, and that the Governor has issued no certificate to the relator, and therefore the respondent has refused to draw a warrant in favor of the relator for any fees or expenses in the premises.

The relator demurs generally and specially to the return.

The question presented for adjudication is whether the relator acted as the marshal of this court or as a messenger of the Governor in going to Idaho and bringing the fugitive back. If he acted in the former capacity, this court has a right to determine and approve his account for fees and expenses, under section 1646, Revised Statutes 1899; but if he acted in the latter capacity, the Governor alone has the power to determine and approve his account for such fees and expenses, under section 2744, Revised Statutes 1899.

The form of the *capias* or order which is issued by this court in such cases is, that the judgment be affirmed,

"and that the marshal of this court arrest the said — — (the defendant) without delay, *wherever he may be found in this State,* and transport him to the State penitentiary," etc.

Section 2743, Revised Statutes 1899, provides: "Whenever the Governor of this State shall demand a fugitive from justice from the executive of another State or Territory, and shall have received notice that such fugitive will be surrendered, he shall issue his warrant, under the seal of the State, *to some messenger,* commanding him to receive such fugitive and convey him to the sheriff of the county in which the offense was committed, or is by law cognizable."

When the marshal of this court executes a *capias* issued by this court, he is entitled to the fees and expenses allowed to sheriffs in such cases. [Section 1638, R. S. 1899.] But there is no provision of law prescribing the amount of the fees or expenses where a messenger acts under the appointment of the Governor under section 2743, supra. The only provision in this regard is section 2744, Revised Statutes 1899, which is as follows: "The expenses which may accrue under the last section, being first ascertained to the satisfaction of the Governor, shall, on his certificate, be allowed and paid out of the State Treasury, as other demands against the State."

These provisions of law rest upon solid and recognized legal principles and are not purely arbitrary. It is axiomatic under our complex system of government that the laws and judgments and powers conferred by a State have, *proprio vigore,* no extra-territorial force. [McGinnis v. Foundry Co., 174 Mo. 225.] Therefore a writ issued by a court can only be executed within the jurisdiction of the court, and confers no authority upon anyone to attempt to execute it outside of the jurisdiction of the court. [19 Ency. Pl. and Pr., p. 603.] So in this case, the order to the relator was to arrest Edmiston, "wherever he may be found in this State."

Under that writ relator had no power to arrest or detain Edmiston anywhere outside of this State, and if relator had attempted to do so, he could have been released on habeas corpus.

It, therefore, follows under the general principles of law, as well as under the terms of the *capias* pleaded by relator, that relator did not act and could not have acted, in his capacity as marshal, in going to Idaho and bringing Edmiston back. This being true, this court has no power to determine how much fees and expenses he is entitled to for so doing, and therefore the peremptory writ of mandamus can not issue on this ground nor upon the case made by the petition.

The return, however, sets up the true state of the controversy. The relator acted as a messenger appointed by the Governor, and the only remaining question is whether this court can, by mandamus, compel the Auditor to issue a warrant for the fees and expenses of the relator, before the Governor has ascertained the amount that shall be allowed, and before he has issued his certificate therefor.

Under the statute quoted (sec. 2744, R. S. 1899) the duty of determining the question of the compensation and expenses of such messenger, is vested solely in the Governor, and he is the head of a co-ordinate branch of the government, and all his acts as such are in that capacity, and hence he can not be interfered with in the discharge of his duties by the courts. [State ex rel. Robb v. Stone, 120 Mo. 428; State ex rel. v. Meier, 143 Mo. l. c. 447; Albright v. Fisher, 164 Mo. l. c. 62; State ex inf. v. Shepherd, 177 Mo. l. c. 236.]

The relator has performed a service for which he is entitled to be paid. The amount claimed is exactly such as is allowed a sheriff for similar services, and hence is not only prima facie reasonable, but it is such as the lawmakers have declared to be reasonable, and if this court had any power it would not hesitate to order the bill paid. But this court has no power in the

premises.   The Governor alone has the power to determine how much shall be paid, and to order it paid. Until he does so the Auditor can not lawfully issue a warrant therefor.   The peremptory writ of mandamus is therefore denied.   All concur, except *Burgess, J.,* absent.