Dear Mr. Ferrell:
This opinion is in response to your questions asking:
 1. Is the Governor of the State of Missouri legally obligated to reimburse a Missouri county when that County's Sheriff's Department has entered into a written contract with an extradition agency under which that agency returns to Missouri a criminal wanted by the State of Missouri either voluntarily or pursuant to a valid extradition process?
 2. Must a deputy from the County Sheriff's Department accompany the third party extradition agency before the Governor will be obligated to pay the expenses of returning the criminal to the State?
Your opinion request further states:
 The Cape Girardeau County Sheriff's Department has come to the conclusion that it would be desirable to have a private extradition agency, ABBA Industries, Inc., a Florida Corporation, bring prisoners back to Missouri from other states. The Sheriff's Department is considering entering into a written contract with ABBA Industries, Inc. In general, the contract specifies the details under which the prisoner will be returned to the State of Missouri and provides that ABBA Industries is fully insured for accidents.
For purposes of this opinion, we assume that the word "voluntarily" in the first question refers to situations where the defendant has waived extradition. Viewed in this light, the first question presented asks about the reimbursement of costs to an "agent" of the relevant county sheriff (1) when extradition has been waived and (2) when extradition has not been waived.
 I. Waiver of Extradition
Section 548.243, RSMo Supp. 1983, states:
 In any criminal proceeding wherein a court in this state has issued a warrant for the arrest of a person and that person was arrested in any other state, territory, or possession of the United States and that person waives extradition and consents to return to this state, all necessary expenses, which would be paid by the state if there had been extradition, incurred by the sheriff or his deputy in returning the person shall be paid to the sheriff by the state regardless of the ultimate disposition of the criminal proceedings, or if waiver of extradition is for the return of the person on charges arising out of alleged violations of section 568.040, RSMo, then payment, regardless of ultimate disposition, shall be made by the county. Such costs after such payment shall be taxed against the person and recovered by the entity paying the same, unless the person is acquitted of the criminal offense charged. [Emphasis added.]
Section 568.040, RSMo 1978, creates the crime of nonsupport.
Thus, if extradition is waived, the state is required to reimburse the sheriff for all necessary expenses which would have been paid by the state if extradition had not been waived when such expenses were incurred by the sheriff or his deputy in returning the fugitive; provided that, if extradition is waived for the return of a person charged with violating Section 568.040, RSMo 1978, then such reimbursement is made by the county.
The legal issue involved is whether expenses incurred by ABBA Industries, Inc., d/b/a Abba Extradition Agency (hereinafter sometimes referred to as "ABBA"), in returning a person who has waived extradition, for an offense other than nonsupport, are expenses incurred by the sheriff or his deputy.
In Brown Group, Inc. v. Administrative Hearing Commission,649 S.W.2d 874, 878 (Mo. banc 1983), the court indicated that subdelegation is the transmission of authority from the head of an agency to subordinates, and that the authority to subdelegate need not be expressed in a statute and may be implied if there is a reasonable basis for such implication.
We believe that before the subdelegation doctrine may be applied, the subordinate in question must be validly appointed. Section 70.220, RSMo 1978, authorizes any political subdivision of this state to contract with any private person, firm, association or corporation for the planning, development, construction, acquisition or operation of any public improvement or facility, or for a common service; provided that, the subject and purposes of any such contract made and entered by a political subdivision is within the scope of the powers of such political subdivision. In Opinion 93-83, copy enclosed, this office concluded that sheriffs are not political subdivisions under the definition of that term in Section 70.210, RSMo 1978, and may not enter into contracts pursuant to Section 70.220, RSMo 1978. We also note that deputy sheriffs must be residents of the county. Section 57.117, RSMo 1978. Because ABBA is a Florida corporation, it is not a resident of Cape Girardeau County, Missouri, and it cannot be appointed deputy sheriff of such county.[1] We fail to see how ABBA may be validly appointed as an agent of the sheriff. Accordingly, expenses incurred by ABBA are not expenses incurred by the sheriff or his deputy under Section548.243, RSMo Supp. 1983. Section 548.243, RSMo Supp. 1983, does not require the Governor or the state to reimburse the sheriff for expenses incurred by ABBA in returning a fugitive to Missouri.
 II. Extradition
Article IV, Section 2, United States Constitution, and18 U.S.C. § 3182 (1982) require the extradition of fugitives whenever the executive authority of any state or territory demands such of the executive authority of any other state, district, or territory. Seealso Section 548.221, RSMo 1978.
18 U.S.C. § 3182 (1982) and Section 548.221, RSMo 1978, authorize the Governor of Missouri to appoint an agent to receive the fugitive under the extradition process.
The expenses of an extradition are governed by 18 U.S.C. § 3195
(1982) and Section 548.241, RSMo Supp. 1983.
18 U.S.C. § 3195 (1982) states in part:
 All costs or expenses incurred in any extradition proceeding in apprehending, securing, and transmitting a fugitive shall be paid by the demanding authority.
. . .
Section 548.241.1, RSMo Supp. 1983, states:
 Except as in this section otherwise provided, all expenses accruing under section 548.221, upon being ascertained to the satisfaction of the governor, shall be allowed on his certificate and paid out of the state treasury as other demands against the state. [Emphasis added.]
It has been stated that the Governor alone has the authority to approve vouchers for extradition expenses. See State ex rel. See v.Allen, 180 Mo. 27, 79 S.W. 164 (banc 1904).
Thus, if the Governor appointed ABBA as agent to receive the fugitive, then ABBA could be compensated by the state upon the approval of the Governor. However, if the Governor appoints the sheriff as the receiving authority, then, as discussed supra, the sheriff has no authority to subdelegate that duty to ABBA.
In light of our answer to the first question posed, the second question presented is moot.
CONCLUSION
It is the opinion of this office that: (1) Section 548.243, RSMo Supp. 1983, does not authorize the state to reimburse a sheriff for expenses incurred by an extradition agency in returning a fugitive to Missouri who has waived extradition; and (2) if the Governor appoints an extradition agency as an agent to receive a fugitive under Section 548.221, RSMo 1978, then such agency could be compensated by the state pursuant to Section 548.241, RSMo Supp. 1983, upon the approval of the Governor.
Yours very truly,
 JOHN ASHCROFT Attorney General
Enclosure: Opinion No. 93-83, Wilson, July 18, 1983
[1] We do not address the question whether a corporation may be appointed as a deputy sheriff if it is a resident of the county.