174    225
e178  ¹540

# McGINNIS, suing for DELIA CALLAHAN et al., v. MISSOURI CAR & FOUNDRY COMPANY, Appellant.

### Division One, April 1, 1903.

1. **Enforcement of Statutory Liability.** When a statute creates a liability which did not exist at common law and prescribes the person who shall have the right to enforce it, the two parts of the statute are necessary component parts of the whole, and the liability can be enforced only by the persons or agencies prescribed by the statute. The liability being not a general one, but one unknown at common law and dependent on the statute for its existence, the statute must confer on some specified person or agent the right to enforce it, and if it fails to do that it creates an unenforcible liability.

2. ———: KILLING HUSBAND IN ANOTHER STATE: SUIT BY NEXT FRIEND. Where the statute of another State creates a liability for the negligent killing of a person, and authorizes a suit therefor to be brought by his administrator for the exclusive benefit of his widow or next of kin, such suit can not be brought in this State by a person appointed by the court for that purpose. Nor can such suit be brought by such administrator until a statute authorizing him to maintain the action in this State is enacted.

3. ———: ———: ———: VOID STATUTE. Section 584, Revised Statutes of 1899, declaring that "whenever a cause of action has accrued under or by virtue of the laws of any other State, and the persons entitled to the benefit of such cause of action are not entitled by the laws of such State to prosecute such action in their own name, such action may be brought in this State by a person, appointed by the court for that purpose," is void and of no legal force, for no State has any power to create a liability for an act done beyond its territorial limits.

Appeal from St. Louis City Circuit Court.—*Hon. Walter B. Douglas,* Judge.

REVERSED.

Vol 174 mo—15.

*Seddon & Blair* and *Robert A. Holland, Jr.*, for appellant.

The court erred in overruling defendant's demurrer to plaintiff's original petition. Said petition showed upon its face that plaintiff had no right to maintain said action, no legal capacity to bring or maintain said action, no legal capacity to bring or maintain said suit, and that said petition stated no cause of action in favor of plaintiff. (a) Under the statute of Illinois, where the accident in question is alleged to have occurred, the suit had to be brought by the personal representatives of the deceased. (b) Section 548, Revised Statutes 1899, does not alter this situation, because in so far as it is extraterritorial it is utterly null and void. Stanley v. Railroad, 100 Mo. 35; Oates v. Railroad, 104 Mo. 514; Smith v. McCutchen, 38 Mo. 415; State v. Bunce, 65 Mo. 349; Connell v. Western Union, 108 Mo. 459; Story Conflict of Laws (8 Ed.), par. 7, p. 8; Usher v. Railroad, 126 Pa. 206; Wilson v. Tootle, 55 Fed. 211; State v. Railroad, 45 Md. 41; Pearsall v. Dwight, 2 Mass. 83; McCarthy v. Railroad, 18 Kan. 46; Tyler v. People, 8 Mich. 385.

*Kinealy & Kinealy* for respondent.

(1) A statute will not be declared void unless it appears beyond reasonable doubt that it conflicts with some specific provision of the State or Federal Constitution. State ex rel. v. Aloe, 152 Mo. 466; State ex rel. v. Pike Co., 144 Mo. 275; State v. Thompson, 144 Mo. 314; Hulett v. Railroad, 145 Mo. 35. (2) The Legislature had ample power to enact section 548, Revised Statutes 1899. State v. Wear, 145 Mo. 200; 1 Cooley's Blackstone, p. 102; 1 Bishop's N. Cr. Law, sec. 121, p. 68; State v. Gritzner, 134 Mo. 526; Oates v. Railroad, 104 Mo. 514; Dennick v. Railroad, 103 U. S. 11; Chicago v. Major, 18 Ill. 349.

MARSHALL, J.—This is an action for damages for personal injuries to Daniel Callahan, on December 27, 1898, at the town of Madison, Illinois, which resulted in his immediate death. The deceased was an employee of the defendant. The negligence charged is that the defendant allowed the electric wires, by which its building at Madison, Illinois, was lighted, to come in contact with the shift wires that the deceased had to catch hold of in the course of his duties, which gave the deceased an electric shock that caused his death. The answer is a general denial, and a special plea that McGinnis has no right to maintain this action. The injury and death occurred in the State of Illinois, and the right of action is predicated upon a law of that State (Pars. 1 and 2, ch. 70, vol. 2, Starr & Curtis's Annotated Statute of Ill., pp. 2155-2156), whilst the action is brought in this State under the Act of 1891 (now sec. 548, R. S. 1899), and as the case at bar hinges entirely upon a construction of the statutes, they are set out in full.

The Illinois statute is as follows:

Par. 1. "Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who or company or corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony."

Par. 2. "Every such action shall be brought by and in the names of the personal representatives of such deceased person, and the amount recovered in every such action shall be for the exclusive benefit of the widow and next of kin of such deceased person, and shall be distributed to such widow and next of kin, in the

proportion provided by law in relation to the distribution of personal property left by persons dying intestate; and in every such action the jury may give such damages as they shall deem a fair and just compensation, with reference to the pecuniary injuries resulting from such death to the wife and next of kin of such deceased person, not exceeding the sum of $5,000; provided, that every such action shall be commenced within two years after the death of such person.''

The statute of this State is as follows: ''Sec. 548. Whenever any cause of action has accrued under or by virtue of the laws of any other State or Territory, and the person or persons entitled to the benefit of such cause of action are not authorized by the laws of such State or Territory to prosecute such action in his, her or their own names, then, in every such case, such cause of action may be brought in any of the courts of this State, by a person to be appointed for that purpose by the court in which such cause of action is sought to be instituted, or the clerk thereof in vacation, and such person so appointed may institute such action and prosecute the same for the benefit of the person or persons entitled to the proceeds thereof under the laws of the State or Territory wherein the cause of action arose.''

Before the institution of this suit, Delia Callahan, the widow of the deceased, filed a petition asking the appointment of McGinnis under the section of the statute quoted; and the appointment was duly made.

There was a direct and sharp conflict in the evidence on the question of the cause of the accident and likewise as to whether the deceased received any such injuries as are alleged, or whether he died from heart disease. But as no point is made by the defendant, in this court, with respect to any question except the right of McGinnis to maintain this action, it is unnecessary to refer to any other branch of the case. There was a verdict and judgment for the plaintiff for one thousand dollars, and the defendant appealed.

The contention of the defendant is that no right of action in a case like this existed at common law; that the right is purely statutory; that the State of Illinois created the right and prescribed who should bring the suit, and how the proceeds should be distributed; that the statute of Missouri has no extraterritorial force and could not authorize a right created by the laws of Illinois to be enforced by any one else than the person who is authorized by the laws of Illinois to enforce it, and therefore McGinnis has no right to maintain this action.

Vawter v. Railroad, 84 Mo. 679, was an action for damages based upon the statute of Kansas, which is substantially like the Illinois statute, and which prescribed that the administrator should bring the action. The plaintiff was appointed administratrix in this State. It was held that she could not maintain the action; that the laws of this State expressly deny to an administrator a right to maintain such an action; that the Kansas administrator could not maintain such an action here, because he has no extraterritorial rights.

In Oates v. Railroad, 104 Mo. 514, the widow brought the action. The accident occurred in Kansas. It was held that the cause of action was created by the statute of Kansas, and that statute which created the right, prescribed who should enforce the right, to-wit, the personal representative, and that no other person could maintain the action.

In the Vawter case it was noted that the St. Louis Court of Appeals (Stoeckman, Admr., v. Railroad, 15 Mo. App. 503), the New York courts (Leonard, Admr., v. Navigation Co., 84 N. Y. 48), and the Supreme Court of the United States (Dennick v. Railroad, 103 U. S. 11), had held that a personal representative appointed in the State where the action was brought, could maintain an action based upon such a statute of another State—the reasoning employed in those cases being that the foreign statute created the right and prescribed that the personal representative should bring the suit, but

the right thus created was transitory, and the statute did not say the suit should be brought by an administrator appointed in the State that created the right, and therefore an administrator appointed in the State where the suit was brought filled the requirements of the statute. But it was held that those cases were not supported by the weight of authority, and the reasoning employed therein could not apply in this State, because our law expressly prohibited an administrator from maintaining an action of that nature, and the laws of no foreign State could confer upon a Missouri administrator a power that is expressly denied him by the laws of this State. The matter was summed up by the court, in that case, as follows: "Most courts and text-writers of acknowledged authority hold that these actions, given by statute for causing death by neglect, default, or a wrongful act, can only be enforced by the courts of the jurisdiction where the wrong is suffered and the right of action is given. Other courts treat such actions as transitory, and enforce the statute law of the State where the injury was suffered, though the action be not one of any general recognized right. Others again entertain such actions when the laws of the two States upon the same subject are similar. If these statutes are administered outside of the jurisdiction where enacted, it must be done on principles of comity. Such principles are not to be narrowed, but they do not justify the courts in going to the extent to which we must go to sustain this action, i. e., to say to an administrator, you may sue in the county of the State of your appointment, under the law of another State, when denied the right to bring the same, or a like suit, by the laws of the State conferring the appointment."

Other States have adopted the rule that prevails in this State, and held that: "The right of action to recover damages for injuries resulting in the death of the person being entirely statutory, the action must be brought in the name of the person to whom the right

is given by the statutes of the State where the injuries are inflicted.'' [Usher v. Railroad, 126 Pa. St. 206; Taylor's Admr. v. The Pennsylvania Co., 78 Ky. 348; Woodward v. Railroad, 10 Ohio St. 121; Richardson, Admr., v. Railroad, 98 Mass. 85; McCarthy v. Railroad, 18 Kan. 46.]

But it is contended that the courts of Illinois hold that the law of that State, touching this question, is divisible; that the first paragraph creates the right, while the second paragraph prescribes who shall bring the suit (City of Chicago v. Major, Admr., 18 Ills. 349), and, therefore, it is argued that the right being transitory and divisible from the remedy, it may be enforced in this State by an agency or person other than that required by the laws of that State. It must be noted, however, that the case of City of Chicago v. Major, Admr., supra, was an action in the courts of Illinois, by an Illinois administrator to enforce a right created by the laws of that State. So that the question here involved was not decided in that case, nor would it be at all controlling authority in this case if it had been expressly decided, for, manifestly, neither the Legislature nor the courts of one State can give jurisdiction to the courts of another State, nor dictate to those courts what statutory rights it shall recognize, or who shall be the proper party to enforce them. Purely statutory laws of one State are enforced in other States simply as a matter of comity, and are never enforced where they are inconsistent with the policy of the law of the State where they are sought to be recognized.

It is manifest that an Illinois administrator could not maintain this suit in this State without express authority from this State. If suit had been begun in Illinois, it could be maintained, under the statute of that State, only by an administrator appointed by the courts of that State. The first paragraph of the section of the statute of Illinois cited, creates a liability on the part of the person or company or corporation that caused the

injury, but that paragraph does not create a right of action in favor of any one. If this paragraph stood alone it would not afford the basis for any civil action whatever. The Illinois court (City of Chicago v. Major, supra), construing this paragraph, said: "This is a new cause of action given by this statute, and unknown to the common law, and should not be extended beyond the fair import of the language used." Thus the court held that the first paragraph created a new cause of action, notwithstanding that paragraph of the statute only relates to the liability of the defendant. Metaphysically it might be said that where there is a liability on the part of a defendant there must be a right in some one to enforce the liability. But, however this right may be, if it was a matter of general liability, it can not be true where the liability is a liability that was unknown to the common law and depends for its existence upon a statute. In such a case the statute creating the liability must confer upon a specified person the right to enforce the liability. Unless it does so, no one can enforce it, because no one has a right under the general common law to do so. When, therefore, a statute creates a liability and prescribes the person who shall have the right to enforce it, the two parts of the statute are component parts of the whole, and both are necessary to constitute the whole, and it must be done exactly in the manner and by the persons or agencies that the statute prescribes. There can be no equivalent or other means employed. Without the construction placed upon the statute by the courts of Illinois, it would seem quite evident that the first paragraph creates a liability, while the second paragraph confers a right of action upon the personal representative of the deceased, and that the two are not divisible but are necessary parts to make the right complete.

But however this may be, it still remains that under any construction that may be put upon the Illinois statute, no one but the administrator can maintain the act-

ion, and that administrator can not maintain the action in this State.

This naturally brings us to a consideration of the section of the statute of this State (sec. 548, R. S. 1899) which authorizes the court to appoint some person in this State to bring the action for the benefit of the persons who are not allowed by the laws of the State that created the liability and the right of action, to sue in their own name, and which it is said was enacted because of the decisions of this court that neither the foreign administrator, nor an administrator appointed under the laws of this State, nor the widow or next of kin could maintain an action therefor. It seems probable that such was the origin of this statute. But what is its legality and effect?

The accident occurred in Illinois. Without the statute of that State, there would be no liability or cause of action anywhere or in favor of any one, no matter what might be the law of this or any other State in reference to similar accidents that happened here or there. In short, the whole matter depends upon the Illinois statute. That statute confers a right of action upon the administrator, and not upon the widow or next of kin. It is for their benefit, but they can not maintain an action therefor. Our statute attempts to enforce the liability created by the statute of Illinois, not through the person who alone is given the right under the Illinois law to enforce it, but through a person who would have no right to enforce the liability in that State.

And with this result: under the Illinois law the administrator could sue in that State to recover damages for the accident that occurred in that State, and at the same time under the statute of this State (sec. 548) the person appointed by the court could maintain a suit in this State to recover the damages for the identical accident, and neither suit could be pleaded in abatement of the other, and a recovery in one would be no bar to a recovery in the other, for the reason that each would

have a cause of action conferred upon him by the law of his State.

This demonstrates the infirmity that underlies a construction of the statute which holds the Illinois statutes to be divisible, and therefore holds that the cause of action is transitory while the person who is to enforce the right must be determined by the *lex fori*.

As pointed out, it takes both paragraphs of the Illinois law to support the action in that State, and it is incongruous to say that a vital, component part can be segregated from the entity of which it is a necessary part, and be transplanted into the laws of another State while the entity is incapable of being so transplanted or enforced. Nor can such a component part be transplanted and be grafted on to or supplemented by a law of such other State so as to make the two parts, dependent for their existence upon separate sovereign wills, a complete and valid law. For no State has any power to create a liability for an act done beyond its territorial limits, and then to appoint any person to enforce such a liability in its own courts, or in the courts of any State. A liability or a cause of action that does not exist under the common law, can only be created by the lawmaking power of a sovereign State, or of the United States in proper cases. And when the laws of the creating State prescribe the person who shall enforce the right, no other person in that or any other State can enforce it. The law must be enforced as written or not at all. It can not be partitioned, and some of its parts transplanted to another State and added to or be supplemented by the laws of that State.

The Legislature of this State had no power to create a liability or preserve a right of action for an act done in Illinois, and it had no power to authorize any one here to enforce, in the courts of this State, a liability, or to assert a right, that is created by the laws of Illinois, when such a person would have no right to enforce such liability or assert such a right in the courts of Illinois.

And this is manifestly true, because such a law would be tantamount to an extraterritorial enactment.

And what is here said is not at all in conflict with what was said by the Supreme Court of the United States in Dennick v. Railroad, 103 U. S. 11. But if it was so in conflict, it would not change the result, for this court expressly referred to that case and refused to follow the rule there laid down, in Vawter v. Railroad, 84 Mo. l. c. 684, and as there is no Federal right involved, a decision of that court is not necessarily conclusive in construing a State statute.

For these reasons it is clear that the plaintiff has no legal capacity to maintain this action, and that section 548, Revised Statutes 1899, is void and without legal force.

It would have been within the power of the Legislature, however, to confer express power upon the Illinois administrator to maintain an action, based upon the statute of the State quoted, in the courts of this State, for that would be a mere matter of State comity and not the creation of a new liability and right.

The judgment of the circuit court is therefore reversed. All concur.