**Sandra Jean GRIFFITH, Plaintiff,**

v.

**MT. CARMEL MEDICAL CENTER, a Kansas Corporation; Eugene Carl McCormick, an Individual; and Judith Ulery, an Individual, Defendants.**

**Civ. A. No. 92–1141–MLB.**

United States District Court,
D. Kansas.

Feb. 16, 1993.

Memorandum and Order
on Reconsideration,
March 31, 1993.

John W. Johnson, Render, Kamas & Hammond, Wichita, KS, Richard W. Lowry, Logan & Lowry, Vinita, OK, Alan Laufman, J.D., M.D., Dallas, TX, for plaintiff.

Amy S. Lemley, Foulston & Siefkin, William Tinker, Jr., McDonald, Tinker, Skaer, Quinn & Herrington, Wichita, KS, E. Dudley Smith, Fisher, Patterson, Sayler & Smith, Overland Park, KS, for defendants.

### MEMORANDUM AND ORDER

BELOT, District Judge.

This matter is before the court on the motion of plaintiff to amend her complaint to add a prayer for punitive damages. Plaintiff filed this action on March 23, 1992, alleging that decedent Jimmy Griffith died as a result of negligent treatment he received at Mt. Carmel Medical Center in Pittsburg, Kansas. Plaintiff "brings this suit as the surviving spouse of [decedent], seeking damages for the wrongful death of [decedent]." (Complaint, Doc. 1, at p. 1).

 The Federal Rules of Civil Procedure allow a party to amend its complaint by leave of the court "and leave shall be freely given when justice so requires." Fed. R.Civ.P. 15(a). The Supreme Court instructs that "this mandate is to be heeded." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Several factors may be considered by the court, *see Las Vegas Ice & Cold Storage Co. v. Far West Bank,* 893 F.2d 1182, 1185 (10th Cir.1990), including the futility of allowing an amendment that could not withstand a motion to dismiss. *Ketchum v. Cruz,* 961 F.2d 916, 920 (10th Cir.1992). Whether to grant leave to amend is committed to the discretion of the trial court. *Uselton v. Commercial Lovelace Motor Freight, Inc.,* 940 F.2d 564, 586 (10th Cir.), *cert. denied,* — U.S. ——, 112 S.Ct. 589, 116 L.Ed.2d 614 (1991).

Defendants Mt. Carmel Medical Center and Eugene McCormick oppose the amendment on several grounds.

Both defendants allege that Kansas does not allow recovery of punitive damages in wrongful death actions.[1] In response, plain-

---

1. Defendants support their argument with the cases of *Atchinson, T. & S.F. Ry. v. Townsend,* 71 Kan. 524, 81 P. 205 (1905) and *Rochester v. Wells Fargo & Co. Express,* 87 Kan. 164, 123 P. 729 (1912), where the Kansas Supreme Court expressly held that punitive damages are not recov-

erable in a Kansas wrongful death action. The Kansas Supreme Court has not had occasion to reconsider either of these decisions in the intervening 80 years. At least one commentator has predicted that the court would adhere to its earlier decisions. *See* Comment, *Punitive Dam-*

tiff has conceded that "Kansas law prohibits punitive damages in a wrongful death action,...." (Doc. 159, at p. 2). For purposes of this motion, therefore, the court assumes, without deciding, that Kansas law does not allow recovery of punitive damages under its wrongful death statute.

■ Plaintiff counters with the argument, however, that punitive damages are cognizable for her action against the hospital[2] under the Emergency Medical Treatment and Active Labor Act ("EMTALA"),[3] 42 U.S.C. § 1395dd. Plaintiff alleges that defendant violated EMTALA by failing to provide the decedent with appropriate medical screening, *id.* § 1395dd(a), and/or by failing to stabilize the decedent's medical condition before discharge. *Id.* § 1395dd(c). *See Abercrombie v. Osteopathic Hosp. Founders Ass'n,* 950 F.2d 676, 680 (10th Cir.1991) (violation of either of EMTALA's requirements entitles a plaintiff to prevail). In support of her claim for punitive damages under EMTALA, plaintiff relies on § 1395dd(d)(2)(A), which provides:

> Any individual who suffers personal harm as a direct result of a participating hospital's violation of a requirement of this section may, in a civil action against the participating hospital, obtain *those damages available for personal injury under the law of the State* in which the hospital is located, and such equitable relief as is appropriate.

(emphasis added). Notwithstanding the unavailability of punitive damages for plaintiff's wrongful death action under Kansas law, plaintiff contends that punitive damages are among "those damages available for personal injury under the law of" Kansas. In other words, because Kansas law makes available punitive damages for "personal injury" that results from willful or wanton wrongdoing, *see, e.g., Gillespie v. Seymour,* 250 Kan. 123, 144, 823 P.2d 782 (1991), plaintiff believes that the statute authorizes her to recover punitive damages in her individual capacity.

The court cannot agree. Plaintiff reads the third clause in isolation from the first clause of the statute. The first clause grants a cause of action to "[a]ny individual who suffers *personal harm* as a direct result of a participating hospital's violation of a requirement" of EMTALA. (emphasis added). To *such* individual who suffers *such* "personal harm" the third clause provides that individual with a civil action to "obtain those damages available for personal injury under [state] law...." The only "personal harm" that plaintiff has suffered in her individual capacity—which is the only capacity in which plaintiff brings this action—is the wrongful death of her husband. Moreover, it is only such "personal harm" that brings plaintiff within the class of individuals authorized to maintain an action under § 1395dd. Thus, the only "personal injury" damages that plaintiff may recover under the statute are those damages available for the "personal harm" that she has suffered: the wrongful death of her husband.

■ Under plaintiff's construction, however, any "individual who suffers personal harm" may recover those damages available for "personal injury" in the abstract—without regard to the personal harm that the plaintiff has in fact suffered. The logical extension of this construction would also allow a plaintiff suing in her individual capacity to recover those personal injury damages arising from the decedent's own pain and

---

*ages in Wrongful Death Actions: How Will Kansas Respond?,* 39 Kan.L.Rev. 199 (1990). As this commentator notes, the only context in which the issue *should* arise is when the wrongful actions of an "efficient tortfeasor" have resulted in instantaneous death so as to preclude a survival action, for which punitive damages are available. *Id.* at 220. It is unknown to the court why plaintiff has not also brought a survival action in this case, which does not appear to involve an "instantaneous death."

**2.** It appears that plaintiff has raised no claim against any individual under EMTALA. *See De-Laney v. Cade,* 756 F.Supp. 1476, 1486–87 (D.Kan.1991) (EMTALA provides private cause of action only against violating hospital, rather than individuals); *accord Urban v. King,* 783 F.Supp. 560, 563 (D.Kan.1992).

**3.** The statute is also referred to by the acronym "COBRA," for the reason that § 1395dd was a part of the Consolidated Omnibus Budget Reconciliation Act of 1985. *See Collins v. DePaul Hosp.,* 963 F.2d 303, 304 n. 1 (10th Cir.1992).

suffering perceived before death.[4] Indeed, plaintiff's interpretation would seemingly allow *any* given individual suffering any "personal harm" to recover the personal injury damages of any *other* individual who has suffered personal harm within the meaning of the statute. Such an interpretation is manifestly at odds with the plain import of the statute: an individual seeking recovery under § 1395dd may only recover those state law personal injury damages that are available for the personal harm that the plaintiff herself has suffered.

The only personal harm that plaintiff has suffered in her individual capacity is the wrongful death of her husband. Plaintiff concedes that Kansas law does not include punitive damages among those damages available for the wrongful death of a person. It follows that this plaintiff can state no claim for punitive damages under her EMTALA cause of action. The motion to amend must therefore be denied on the grounds of futility.

Accordingly, the court denies plaintiff's motion (Doc. 144) to amend her complaint.

**IT IS SO ORDERED.**

### MEMORANDUM AND ORDER ON RECONSIDERATION

This matter is before the court on the motion of plaintiff for reconsideration of the court's order of February 16, 1993.

■ The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of due diligence. *Anderson v. United Auto Workers*, 738 F.Supp. 441, 442 (D.Kan.1990); *Taliaferro v. City of Kansas City*, 128 F.R.D. 675, 677 (D.Kan.1989). "[R]evisting the issues already addressed 'is not the purpose of a motion to reconsider,' and 'advanc[ing] new

arguments or supporting facts which were otherwise available for presentation when the original summary judgment motion was briefed' is likewise inappropriate." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 89, 121 L.Ed.2d 51 (1992).

The arguments advanced herein do not differ significantly from those presented initially by plaintiff. If anything, the present motion is only a more exhaustive exposition of plaintiff's argument, which relies on considerations of policy rather than the statutory language chosen by the Congress that enacted 42 U.S.C. § 1395dd. The motion to reconsider is subject to denial on these grounds alone.

Plaintiff presses more forcefully in this motion her argument that the Emergency Medical Treatment and Active Labor Act ("EMTALA") "preempts" the Kansas wrongful death statute. At other times, however, "[p]laintiff recognizes that EMTALA expressly adopts state law remedies for personal injury." (Plaintiff's Reply, Doc. 205, at 3). Plaintiff attempts to reconcile these facially inconsistent positions by arguing, in effect, that EMTALA allows a given plaintiff to choose from the entire palette of personal injury damages available in the abstract under state law—without regard to the personal harm that such plaintiff has suffered. As the court explained in its previous order, this is not the law that Congress wrote.

Nor is plaintiff's motion saved by relying on the underlying objectives of EMTALA—in disregard of the actual language of § 1395dd. The means actually chosen by Congress to deter "patient dumping" are to be found in the language of the statute. In light of the express congressional remedy for violations of EMTALA, this court is not at liberty to create its own remedies.

Plaintiff also argues that applying the law written by Congress leads to the "inconsis-

---

4. The court has no occasion to consider whether an EMTALA action for injuries personal to a decedent survives to the decedent's estate. The court notes several cases, however, that have addressed EMTALA claims that have been brought by the personal representative of the estate. *See generally Baber v. Hospital Corp. of Am.*, 977 F.2d 872 (4th Cir.1992); *Gatewood v. Washington Healthcare Corp.*, 933 F.2d 1037 (D.C.Cir.1991); *Jones v. Wake County Hosp. Sys., Inc.*, 786 F.Supp. 538, 545 (E.D.N.C.1991).

tent result" of allowing punitive damages only to the patient who survives a defendant's violation of EMTALA, while denying such damages when the defendant's wrongful actions result in death. Even assuming that the court could correct such inconsistency by rewriting § 1395dd, plaintiff's scenario of inconsistent results has no factual basis. Except in the case of "instantaneous death," Kansas law, incorporated through § 1395dd, does provide for punitive damages when the wrongful conduct leads to death. *See* Order of Feb. 16, 1993, at n. 1. The only reason plaintiff is unable to obtain punitive damages in *this* case is that plaintiff failed to bring a survival action in the name of the decedent's estate. Thus, it is the plaintiff herself who has removed punitive damages from the ambit of this case. The court's interpretation of § 1395dd does not lead to "inconsistent results" for the simple reason that an EMTALA plaintiff in Kansas is able to recover punitive damages in those case that do not involve an instantaneous death.

Accordingly, the court denies plaintiff's motion (Doc. 187) for reconsideration.

**IT IS SO ORDERED.**