ILLINOIS CENT. R. CO. v. DAVIES.

(Circuit Court of Appeals, Eighth Circuit. May 9, 1906.)

No. 2,333.

APPEAL—REVIEW—EXCESSIVE DAMAGES.

An assignment that the verdict awarded excessive damages through passion and prejudice could not be reviewed on appeal to the Circuit Court of Appeals, such question being within the exclusive jurisdiction of the trial court, determinable on a motion for a new trial.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, § 3944.]

In Error to the Circuit Court of the United States for the District of Minnesota.

James D. Armstrong, for plaintiff in error.

F. D. Larrabee, for defendant in error.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

ADAMS, Circuit Judge. This was an action for a malicious assault upon Davies by one of the agents of the railroad company while engaged in the discharge of his duties as such agent. A verdict and judgment rendered in favor of the plaintiff for $975 is sought to be reversed by this writ of error. The jury was so fully instructed on all questions of law, including those relating to the measure of damages, that no fault is found therewith. The only error assigned and urged for our consideration is that the jury, through prejudice or passion, awarded excessive damages. This, under the Constitution and law as interpreted in the following cases, we have no power to consider or determine. Parsons v. Bedford, 3 Pet. 443, 447, 7 L. Ed. 732; Railroad Company v. Fraloff, 100 U. S. 24, 31, 25 L. Ed. 531; New York, Lake Erie & Western Railroad Co. v. Winter, Adm'r, 143 U. S. 60, 75, 12 Sup. Ct. 356, 36 L. Ed. 71; Lincoln v. Power, 151 U. S. 436, 438, 14 Sup. Ct. 387, 38 L. Ed. 224; Shauer v. Alterton, 151 U. S. 607, 626, 14 Sup. Ct. 442, 38 L. Ed. 286; Homestake Mining Co. v. Fullerton, 16 C. C. A. 545, 69 Fed. 923, 931.

It is the duty of the trial court on a motion for a new trial to set aside a verdict in case of such misconduct, prejudice, or mistake on the part of the jury as unduly affects the award of damages. Such action being the only remedy available to a suitor complaining of excessive damages, the trial court should exercise its exclusive power conscientiously and fearlessly.

The learned trial judge, with full knowledge of all the facts and circumstances attending the trial, and in the light of all the evidence in the case, overruled the motion for a new trial. The defendant's remedy was thereby exhausted. The judgment is accordingly affirmed.