## MASON CITY & FT. DODGE R. CO. v. BOYNTON.

(Circuit Court of Appeals, Eighth Circuit. December 12, 1907.)

### No. 2,172.

1. WRIT OF ERROR—REVIEW—EXCESSIVE DAMAGES.

A claim that the damages are excessive, where it merely challenges a finding upon a question of fact, cannot be considered by the federal appellate courts.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 3993–3995.]

2. EMINENT DOMAIN—IOWA STATUTE—JUDGMENT ON APPEAL FROM COMMISSIONERS' ASSESSMENT.

Under the Iowa eminent domain statute (Code 1897, §§ 2007, 2011) the court, on an appeal from the commissioners' assessment, cannot render a personal judgment against the condemnor for the landowner's damages, because the condemnor is free to decline to take the property at the assessment.

[Ed. Note.—Following state practice, see note to Nederland Life Ins. Co. v. Hall, 27 C. C. A. 394.]

3. WRIT OF ERROR—ERROR IN JUDGMENT ENTRY DOES NOT NECESSITATE NEW TRIAL.

Where all questions of fact have been tried and determined without error, the incorporation in the judgment of provisions which are unauthorized does not necessitate a new trial, but only a modification of the judgment.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 4483–4487.]

(Syllabus by the Court.)

In Error to the Circuit Court of the United States for the Southern District of Iowa.

A. G. Briggs, John L. Erdall, Thomas D. Healy, M. F. Healy, and Robert Healy, for plaintiff in error.

Benj. I. Salinger, for defendant in error.

Before VAN DEVANTER, HOOK, and ADAMS, Circuit Judges.

VAN DEVANTER, Circuit Judge. This was a condemnation pro-- ceeding whereby the railroad company, an Iowa corporation, sought. to acquire, as a right of way for the construction and operation of its railroad, certain real property in Carroll county, Iowa, owned by Boynton, a citizen of Missouri. Commissioners appointed by the sher-- iff assessed the owner's damages at $4,750, and the railroad com- pany, having first deposited that sum with the sheriff, took possession of the property. The owner, being dissatisfied with the assessment,. appealed therefrom to the district court of the county, and then, on the ground of the diverse citizenship of the parties, removed the pro- ceeding into the Circuit Court of the United States. Upon a trial under a written stipulation waiving a jury, that court rendered a judgment (a) assessing the owner's damages at $10,000 with interest thereon from the time when the company took possession; (b) de- claring that the proceeding had resulted in transferring the ownership to the railroad company; and (c) directing the company to pay the owner's damages and the costs of the proceeding, including $300 as a reasonable fee for the owner's attorneys. The railroad company sued out this writ of error.

The principal question arising upon the record, that of the right of the owner, whom the Iowa statute declares shall be the plaintiff, to remove the proceeding into the Circuit Court, was certified by us to the Supreme Court, and it, in response to the certification, has sus- tained the right of removal. Mason City, etc., Co. v. Boynton, 204 U. S. 570, 27 Sup. Ct. 321, 51 L. Ed. 629. It is now earnestly insisted that the damages are excessive, but as this contention, in the circum- stances in which it is here made, merely challenges a finding upon a question of fact, it is not open to consideration by us. Rev. St. §§ 649, 700, 1011 [U. S. Comp. St. 1901, pp. 525, 570, 715]; Hall v. Houghton & Upp Mercantile Co., 8 C. C. A. 661, 60 Fed. 350; South- ern Pacific Co. v. Maloney, 69 C. C. A. 83, 136 Fed. 171; Illinois Central R. R. Co. v. Davies, 76 C. C. A. 613, 146 Fed. 247; Omaha Water Co. v. Schamel, 78 C. C. A. 68, 147 Fed. 502; Nelson v. Bank of Fergus County, 84 C. C. A. 609, 157 Fed. 161.

Other contentions make it necessary to determine whether the judg-- ment conforms to the statute under which the proceeding was had,. and, if not, whether the error is one which necessitates a new trial. The statute and the decisions interpreting it make it plain that the object of the proceeding is to ascertain the damages to be paid to the owner, if the railway company elects to take the property; that the company is free to pay the damages, and take the property or to aban- don its original purpose in that regard, even where it has taken pos- session pending an appeal from the commissioners' assessment; that the ownership is not transferred until the damages are finally ascer- tained and actually paid; and that, on the appeal, no personal judg- ment can be rendered against the railroad company except for the costs, including a reasonable fee for the owner's attorney. Iowa Code 1897, §§ 2007, 2011; Hastings v. Burlington, etc., Co., 38 Iowa,. 316; Hartley v. Keokuk, etc., Co., 85 Iowa, 455, 460, 52 N. W. 352; Haggard v. Independent School District, 113 Iowa, 486, 496, 85 N.

W. 777; Reed v. Chicago, etc., Co. (C. C.) 25 Fed. 886. In the last case it was said by Judge Shiras:

"The sole object of the appeal from the sheriff's jury is to have ascertained and finally determined the amount of the damages to be paid to the property owner. Under the statute no money judgment can be entered up against the company for the damages; nor can the collection thereof be enforced by execution. The statute points out the proceedings that may be had for the protection of the property owner in case the company fails to pay the damages after entering into possession of the right of way."

It follows, as we think, that the judgment, in so far as it assesses the owner's damages and charges the railroad company with the payment of the costs of the proceeding, including a reasonable fee for the owner's attorney, is in full conformity to the statute, and, in so far as it declares that the proceeding has resulted in transferring the ownership of the property to the company and charges it with payment of the owner's damages therein assessed, is in contravention of the statute and erroneous. But this error does not necessitate a new trial. It was committed after the questions of fact had been tried and determined without error, and all that is necessary to correct it is to so modify the judgment as to eliminate what was thus erroneously incorporated therein. Rev. St. § 701.

Subject to such a modification, which the Circuit Court is directed to make, the judgment is affirmed.