## CHICAGO, B. & Q. R. CO. v. UPTON.

(Circuit Court of Appeals, Eighth Circuit. March 4, 1912.)

No. 3,593.

1. MASTER AND SERVANT (§ 286*)—INJURIES TO SERVANT—RAILROADS—EXPLOSION OF LOCOMOTIVE—NEGLIGENCE—QUESTION FOR JURY.

In an action for injuries to a brakeman by the explosion of a locomotive, whether the engineer was negligent in permitting the water in the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

boiler to get so low as not to cover the crown sheet, the natural result of which would be to cause an explosion, *held* for the jury.

[Ed. Note.—For other cases, see ·Master and Servant, Cent. Dig. §§ 1001, 1006, 1010–1050; Dec. Dig. § 286.*]

2. APPEAL AND ERROR (§ 1059*)—EXCLUSION OF EVIDENCE—PREJUDICE.

Where, in an action for injuries to a servant by the explosion of a locomotive, the question of the defective condition of the boiler was withdrawn from the jury, defendant was not prejudiced by the exclusion of evidence to show that the engine itself was in proper condition, and that the explosion must have been caused by a lack of water.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4208; Dec. Dig. § 1059.*]

3. TRIAL (§ 260*)—INSTRUCTIONS—REQUEST TO CHARGE.

It is not error to exclude requests to charge substantially covered by instructions given.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

4. EVIDENCE (§ 359*)—X-RAY PLATES.

X-Ray plates, the correctness of which had been verified by competent evidence, are admissible to show the extent and character of an injury.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1509–1512; Dec. Dig. § 359.*]

5. APPEAL AND ERROR (§ 1004*)—QUESTIONS REVIEWABLE—EXCESSIVE VERDICT.

An objection that the amount of a verdict is excessive cannot be considered by the Circuit Court of Appeals on a writ of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3944–3947; Dec. Dig. § 1004.*]

In Error to the Circuit Court of the United States for the Lincoln Division of the District of Nebraska.

Action by Morris H Upton against the Chicago, Burlington & Quincy Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Byron Clark, B. L. Green, and James E. Kelby, for plaintiff in error.

Lionel C. Burr, Robert J. Greene, and Philip F. Greene, for defendant in error.

Before SANBORN and ADAMS, Circuit Judges, and WM. H. MUNGER, District Judge.

WM. H. MUNGER, District Judge. Morris H. Upton was an employé of the Chicago, Burlington & Quincy Railroad Company, as head brakeman on a freight train upon defendant's road. As such head brakeman, he was authorized to ride, when not actively engaged in his duties, in the cab of the engine. On the 18th day of November, 1909, while in the cab of an engine, drawing a train of freight cars upon which he was engaged as such head brakeman, the boiler of the engine exploded, causing injury to him, for which he brought this action.

Various acts of negligence on the part of the defendant and its employés were alleged in the petition; but the court in its instructions

to the jury eliminated all acts of negligence but one, submitting the question of negligence to the jury in the following language:

"The only question as to the defendant's negligence which you will consider is as to whether or not the engineer of this locomotive was negligent. All other questions of negligence are withdrawn from your consideration. As to the allegation that the negligence of the engineer caused this explosion, you are further instructed that the only question relating to his negligence which you can consider is whether or not the engineer was negligent in allowing the water to get so low as not to cover the crown sheet of this boiler at and immediately preceding the explosion. Unless the engineer was negligent in so allowing this, the plaintiff cannot recover in this action. * * * If you believe from the evidence that the conditions which resulted in the explosion of which plaintiff complains were created by accident, or other reasons which could not have been prevented or foreseen by the engineer while exercising the usual and ordinary care which a reasonably prudent engineer would exercise while using and operating said engine, considering the nature of the business in which he was engaged, then you will find for the defendant. * * * Before you can return a verdict in favor of plaintiff and against defendant, you must find some act of negligence or negligent failure to act on the part of the engineer in the use and operation of engine No. 2046, which was the proximate cause of there not being sufficient water in the boiler to prevent the explosion of which plaintiff complains."

A verdict and judgment was rendered in favor of the plaintiff, to reverse which this action is brought.

[1] It is first assigned as error that the court refused to direct a verdict for the defendant, based upon the theory that the evidence was insufficient to show negligence on the part of the company. The evidence discloses that the engine was equipped with a water gauge to indicate the quantity of water in the engine; that it frequently happened that this water gauge would be obstructed by a small particle of scale from the boiler, and there were three cocks for the engineer to use, which would determine with accuracy the quantity of water in the boiler. On the day of the explosion the hostler in the roundhouse started the fire and steamed up the engine, took it out of the roundhouse, and delivered it to the engineer. The engine was taken to a water tank and coal chute, and equipped with water and fuel, then attached to the train, and started upon its journey. It clearly was the duty of the engineer, before starting, to exercise ordinary care to ascertain if the engine was properly supplied with water. After it had proceeded some nine minutes, the explosion took place. The evidence, including the evidence of defendant's experts, we think, clearly established the fact that the explosion was caused because of the insufficiency of water in the boiler of the engine, and that the natural result of such deficiency would cause an explosion. The evidence was of a character sufficient to submit to the jury the question whether the engineer, having charge of the engine, had he exercised reasonable care under the circumstances, would not have known that the boiler was not sufficiently supplied with water. We think the court properly refused to direct a verdict for the defendant.

[2] It is further urged that the court erred in striking out and excluding certain evidence offered on the part of defendant. This evidence only tended to show the engine itself was in proper condition, and that the explosion must have been from lack of water. The ques-

tion as to the defective condition of the boiler, as we have seen, was taken by the court from the jury. Hence the exclusion of this evidence was in no way prejudicial.

[3] Exceptions were taken to the refusal to give certain requested instructions. Those applicable, however, were all substantially given to the jury in the instructions given by the court upon its own motion.

[4] It is further objected that the court admitted in evidence X-ray plates taken, showing the extent and character of plaintiff's injury. Their correctness had been verified by competent evidence, and were, we think, properly admitted. City of Geneva v. Burnett, 65 Neb. 464, and note, 91 N. W. 275, 58 L. R. A. 287, 101 Am. St. Rep. 628; Carlson v. Benton, 66 Neb. 486, 92 N. W. 600, 1 Ann. Cas. 159; Mauch v. Hartford, 112 Wis. 40, 87 N. W. 816. But it is said that, while prints taken from the plates may be admitted, the plates themselves are inadmissible. The contrary was held in De Force v. N. Y., N. H. & H. R. Co., 178 Mass. 59, 59 N. E. 669, 86 Am. St. Rep. 464.

[5] Again, it is urged that the amount of the verdict is excessive. That question cannot be considered by this court on error. Illinois Cent. R. Co. v. Davies, 146 Fed. 247, 76 C. C. A. 613; Ætna Indemnity Co. v. J. R. Crowe Coal & Mining Co., 154 Fed. 545, 83 C. C. A. 431; Nelson v. Bank of Fergus County, 157 Fed. 161, 84 C. C. A. 609, 13 Ann. Cas. 811, and case therein cited.

The judgment is affirmed.