JOPLIN & P. RY. CO. v. PAYNE.

(Circuit Court of Appeals, Eighth Circuit.   March 7, 1912.)

No. 3,625.

1. APPEAL AND ERROR (§ 237*)—MOTION AT TRIAL—NECESSITY—SUFFICIENCY OF EVIDENCE.

On review of a judgment for plaintiff, the Circuit Court of Appeals cannot determine the sufficiency of the evidence to sustain the recovery, where defendant made no motion for a directed verdict.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1386-1388; Dec. Dig. § 237;* Trial, Cent. Dig. §§ 228-252.]

2. APPEAL AND ERROR (§ 1004*)—REVIEW—EXCESSIVE DAMAGES.
    On review of a judgment for plaintiff in a personal injury action, the
    Circuit Court of Appeals cannot determine whether the verdict was ex-
    cessive.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3944–
    3947; Dec. Dig. § 1004.*]

3. DEATH (§ 31*)—ACTION BY HUSBAND — RIGHT TO MAINTAIN—"NEXT OF
    KIN."
    A husband is his wife's "next of kin," where she dies intestate and with-
    out children or direct descendants, within Code Civ. Proc. Kan. § 422a,
    providing that certain actions for wrongful death may be brought by de-
    ceased's "next of kin."
    [Ed. Note.—For other cases, see Death, Cent. Dig. §§ 35–46, 48; Dec.
    Dig. § 31.*
    For other definitions, see Words and Phrases, vol. 5, pp. 4798–4804;
    vol. 8, p. 7732.]

4. COURTS (§ 366*)—FEDERAL COURTS—CONCLUSIVENESS OF STATE DECISIONS.
    A construction of a state statute by the highest court of the state,
    rendered before the accrual of a particular cause of action, is binding
    upon the federal courts.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 954–957, 960–968;
    Dec. Dig. § 366.*
    Conclusiveness of judgment between federal and state courts, see notes
    to Kansas City, Ft. S. & M. R. Co. v. Morgan, 21 C. C. A. 478; Union &
    Planters' Bank v. City of Memphis, 49 C. C. A. 468.]

5. COSTS (§ 260*)—APPEALS FOR DELAY—DAMAGES—RIGHT TO.
    On affirmance of a judgment for personal injury, plaintiff is not en-
    titled to assessment of 10 per cent. damages, under Circuit Court of Ap-
    peals rule 30 (150 Fed. xxxv, 79 C. C. A. xxxv), on the theory that the
    writ of error was sued out merely for delay, where the Circuit Court
    of Appeals had given a different construction to a statute involved from
    that given in a subsequent decision of the Supreme Court of the state,
    which must now be regarded as binding on the Circuit Court of Ap-
    peals.
    [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 983–996, 1002, 1003;
    Dec. Dig. § 260.*]

In Error to the Circuit Court of the United States for the District
of Kansas.

Action by Robert H. Payne against the Joplin & Pittsburg Railway
Company. Judgment for plaintiff, and defendant brings error. Af-
firmed.

Edward C. Wright (John P. Curran, on the brief), for plaintiff in
error.

C. A. McNeill (E. V. McNeill, on the brief), for defendant in error.

Before SANBORN and ADAMS, Circuit Judges, and WM. H.
MUNGER, District Judge.

WM. H. MUNGER, District Judge. Robert H. Payne brought
this action against the Joplin & Pittsburg Railway Company to recover
damages which he sustained on account of the death of his wife, who
was a passenger upon the defendant road and lost her life in the state
of Kansas through the negligence of the defendant. A trial was had,
resulting in a judgment for plaintiff, and the railroad company seeks
to have that judgment reversed.

---
*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

There are three assignments of error: First, that the petition does not state a cause of action; second, that judgment was given for plaintiff, when it should have been for defendant; third, that the judgment under the evidence is excessive.

[1] As no request was made for a directed verdict at the close of all of the evidence, we cannot inquire as to the sufficiency of the evidence. Western Coal & Mining Co. v. Ingraham, 70 Fed. 219, 17 C. C. A. 71; Consolidated Coal Co. v. Polar Wave Ice Co., 106 Fed. 798, 45 C. C. A. 638; Oswego Township v. Travelers' Ins. Co., 70 Fed. 225, 17 C. C. A. 77.

[2] This court is also precluded from considering the question as to whether the verdict was excessive. Illinois Cent. R. Co. v. Davies, 146 Fed. 247, 76 C. C. A. 613; Ætna Indemnity Co. v. J. R. Crowe Coal & Mining Co., 154 Fed. 545, 83 C. C. A. 431; Nelson v. Bank of Fergus County, 157 Fed. 161, 84 C. C. A. 609, 13 Ann. Cas. 811, and cases therein cited.

[3] The only error which we can consider, and the one chiefly argued, is whether the petition stated a cause of action. This action was founded upon a state statute. Section 422 of the Civil Code of Kansas, supplemented by section 422a, reads as follows:

"Sec. 422. When the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action had he lived against the latter for an injury for the same act or omission. The action must be commenced within two years. The damages cannot exceed ten thousand dollars, and must inure to the exclusive benefit of the widow and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased."

"Sec. 422a. That in all cases where the residence of the party whose death has been or hereafter shall be caused as set forth in section 422 of chapter 80, Laws of 1868, is or has been at the time of his death in any other state or territory, or when, being a resident of this state, no personal representative is or has been appointed, the action provided in said section 422 may be brought by the widow, or where there is no widow, by the next of kin of such deceased."

The petition alleges that deceased died intestate, and left no children or direct descendants; that plaintiff, as the surviving husband, was the next of kin; and that no administrator or personal representative of her estate has been appointed. It is argued that the term "next of kin" means blood relation, and hence does not include the husband. The above statute provides that the damages recovered shall be distributed in the same manner as personal property of the deceased, and under the Kansas statute the husband inherits personal property of his deceased wife.

This statute was, before the cause of action in this case arose, fully considered by the Supreme Court of the state in Atchison, T. & S. F. Ry. Co. v. Townsend, 71 Kan. 524, 81 Pac. 205, 6 Ann. Cas. 191, and in that case it was said:

"It is first contended that, under section 422 of the Code, Townsend was not entitled to recover damages for the wrongful death of his wife. It provides that 'the damages cannot exceed ten thousand dollars, and must inure to the exclusive benefit of the widow and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased.'

It is insisted that a husband is not 'next of kin' of his wife, and that kinship means relationship by blood, and not by marriage. The reference in the section itself to the statute of descents and distributions furnishes the rule for interpreting the phrase 'next of kin.' Under that statute the husband and wife inherit from each other, and it has already been held, in Railway Co. v. Ryan, 62 Kan. 682, 64 Pac. 603, that the phrase, as used in the statute for the recovery of damages for wrongfully causing a death, means those kin who inherit from the deceased under the statute of descents and distributions. See, also, Steel v. Kurtz, 28 Ohio St. 191; Lima, etc., Co. v. Deubler, 7 Ohio Cir. Ct. R. 185; Pinkham v. Blair, 57 N. H. 226."

[4] This being a construction of the statute by the highest court of the state, and having been rendered before the right of action in this case accrued, that construction is binding upon the federal courts. This court, also, in Omaha Water Co. v. Schamel, 147 Fed. 502, 78 C. C. A. 86, sustained the holding that a minor child, who had been adopted by deceased under the provisions of the state statute, which entitled her to inherit as a natural child, could recover damages for the loss of the adopted parent.

In the case before us, the question as to whether the husband could maintain the action as next of kin being the only objection urged against the petition, the judgment is affirmed.

[5] Defendant in error has filed a motion to have 10 per cent. damages assessed under rule 30 of this court (150 Fed. xxxv, 79 C. C. A. xxxv). In view of the fact that this court, in Western Union Telegraph Co. v. McGill, 57 Fed. 699, 6 C. C. A. 521, 21 L. R. A. 818, before the Supreme Court of the state had construed the statute, reached a different conclusion, we do not think it can be said that the writ of error was sued out merely for delay.

Hence the motion is overruled.