# CALVERT *v.* TERMINAL TAXICAB COMPANY.

DEATH OF WIFE; HUSBAND'S ACTION FOR; NEXT OF KIN; CONSTRUCTION OF STATUTE.

1. A statute giving damages on account of death resulting from the wrongful act of another is remedial, and as such must be liberally construed. (Citing *United States ex rel. Stevens* v. *Richards*, 33 App. D. C. 410, 417.)

2. It is a rule of construction that all parts of the Code *in pari materia* must be read in the light of each other and harmonized wherever possible. (Citing *Southern R. Co.* v. *Hawkins*, 35 App. D. C. 313.)

3. A husband is comprehended within the words, "next of kin," who are given a right of action for the death of a deceased person by sec. 1301 of the Code (31 Stat. at L. 1394, chap. 854), which authorizes right of action for the death of a person caused by any wrongful act, neglect, or default which, if death had not ensued, would have entitled "the party injured, or if the person injured be a married woman, have entitled her husband either separately or by joining with the wife to maintain an action," when these provisions are construed together with sec. 1303, directing that the damages in such action for death "shall inure to the benefit of his or her family and be distributed according to the Statute of Distributions, and sec. 1160 (31 Stat. at L. 1375, chap. 854), providing that after the pay-

---

NOTE.—For authorities on the question of husband's statutory right of action for death of wife, see note in L.R.A.1916E, 126.

ment of a married woman's debts where she dies intestate her "personal estate shall be the property of her husband." (Citing *McCarthy* v. *McCarthy*, 20 App. D. C. 195, 208, and *Miller-Shoemaker Real Estate Co.* v. *Sturgeon*, 31 App. D. C. 406.)

No. 3130.  Submitted April 3, 1918.  Decided May 27, 1918.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia in an action by a husband to recover damages for the death of his wife.

*Reversed.*

The facts are stated in the opinion.

*Mr. Justin Morrill Chamberlain, Mr. Robert E. Mattingly,* and *Mr. John C. Gittings* for the appellant.

*Mr. Daniel W. Baker* and *Mr. O. H. Osterman* for the appellee.

Mr. Chief Justice SMYTH delivered the opinion of the Court:

This was an action by the appellant, William B. Calvert, as administrator of the estate of his deceased wife, Pearl J. Calvert, to recover damages resulting to him by reason of his wife's death through the negligence, as he alleges, of the appellee, the Terminal Taxicab Company.  The wife died intestate, leaving surviving her a father and mother as well as her husband, but no children or descendants of children.  The court instructed the jury to return a verdict for the defendant on the ground that the statute did not give a husband a right to recover damages accruing to him from such a cause.  The administrator appeals; and the problem presented is to be determined by a correct construction of secs. 1301, 1303, and 1160 of the Code [31 Stat. at L. 1394, 1395, 1375, chap. 854].

By sec. 1301 it is provided that "whenever by an injury done or happening within the limits of the District of Columbia the death of a person shall be caused by the wrongful act, neglect, or default of any person or corporation, and the act,

neglect, or default is such as would, if death had not ensued, have entitled the party injured, or if the person injured be a married woman, have entitled her husband, either separately or by joining with the wife, to maintain an action and recover damages, the person who or corporation which would have been liable if death had not ensued shall be liable to an action for damages for such death, notwithstanding the death of the person injured, even though the death shall have been caused, under circumstances which constitute a felony; and such damages shall be assessed with reference to the injury resulting from such act, neglect, or default causing such death, to the widow and next of kin of such deceased person.   *   *   * "

Section 1303 says that "the damages recovered in such action shall not be appropriated to the payment of the debts or liabilities of such deceased person, but shall inure to the benefit of his or her family and be distributed according to the provisions of the Statute of Distribution in force in the said District of Columbia."

Section 1160 declares that after the payment of a married woman's debts where she dies intestate her "personal estate shall be the property of her husband."

The statute giving damages on account of death resulting from the wrongful act of another is remedial, and as such must be liberally construed. *United States ex rel. Stevens* v. *Richards,* 33 App. D. C. 410, 417; *Bechtel* v. *United States,* 101 U. S. 597, 25 L. ed. 1019. It is also a rule of construction that all parts of the Code *in pari materia* must be read in the light of each other and harmonized wherever possible. *Southern R. Co.* v. *Hawkins,* 35 App. D. C. 313, 21 Ann. Cas. 926.

The case before us turns upon whether the words, "next of kin," in sec. 1301, comprehend the husband of the deceased. According to the old definition, "next of kin" included only those related to each other through consanguinity. If we take the section by itself, and disregard the other parts of the Code which bear upon the same subject, perhaps that is the meaning which we should attribute to it here; but, as we have just seen, we may not do that. Section 1303 directs that the damages recovered under the other section of the Code "shall inure to

the benefit of his or her family, and be distributed according to the provisions of the Statute of Distribution.". Surely a husband is a member of his wife's family; and if, as such member, he may participate in the damages, it must be on the assumption that he is a next of kin, for it cannot be that it was the intention of Congress to give him any part in a fund created for a class to which he did not belong. Moreover, it is provided by the same section that the damages shall be distributed according to the Statute of Distribution. In other words, they shall go to the same persons to whom the wife's estate would go in case of her intestacy. By sec. 1160, as we have seen, it is provided that in such a case her "personal estate shall be the property of her husband." These sections, when construed together, as they must be, force the conclusion that the husband is a next of kin of his wife within the meaning of sec. 1301, and entitled to recover such damages as he may have sustained by the wrongful death of his wife. If the husband suffered financial loss through injuries to his wife which did not result in her death, he would be entitled to recover damages. This is recognized by sec. 1301. But, according to appellee, if the injuries caused her death, the husband could have nothing no matter how much his damages might be, while her parents or other relatives by consanguinity might recover for their losses if any. The right of Congress to make such a distinction must be conceded, but it should not be held that Congress has done so except on very clear reason, which does not appear from the applicable Code sections in this case.

This court, speaking through Chief Justice Alvey many years ago, quoted with approval from Chancellor Kent the following with respect to the relation between a husband and wife: "The husband is her next of kin, by relation of marriage; and he takes in consequence of being her husband, and by reason of that relation." *McCarthy* v. *McCarthy,* 20 App. D. C. 195, . 208.

In *Miller-Shoemaker Real Estate Co.* v. *Sturgeon,* 31 App. D. C. 406, it was held that the husband was entitled "as the sole heir and beneficiary of the estate" of his deceased wife to damages caused to him by the wrongful death of his wife.

"The word 'kin,' in its strictest sense, includes only relatives by blood; but in a general sense it is used to include both relations by blood and marriage." *Hibbard* v. *Odell,* 16 Wis. 633, 635. In *Atchison, T. & S. F. R. Co.* v. *Townsend,* 71 Kan. 524, 81 Pac. 205, 6 Ann. Cas. 191, it was ruled that where the husband inherited from the wife as heir he was a next of kin to her, and might maintain an action for damages to him through her wrongful death under a statute providing that such an action must be maintained for "the exclusive benefit of the widow and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased." Decisions to the same effect are: *Joplin & P. R. Co.* v. *Payne,* 114 C. C. A. 305, 194 Fed. 387; *Steel* v. *Kurtz,* 28 Ohio St. 191; *Cleveland, C. C. & St. L. R. Co.* v. *Baddeley,* 150 Ill. 328, 36 N. E. 965. Under sec. 1160 of our Code, as heretofore pointed out, the husband takes as heir the personal property of his deceased wife where she dies intestate.

The judgment of the lower court is reversed at the costs of the appellee, with instructions to grant a new trial in accordance with the views expressed in this opinion.

*Reversed.*