## TROPE v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. October 21, 1921.)

No. 5767.

1. **Indictment and information 110(2)—Need not follow very words of statute.**

An indictment alleging that defendant knowingly purchased military property of the United States from a soldier *held* sufficient to charge an offense under Criminal Code, § 35, as amended by Act Oct. 23, 1918 (Comp. St. Ann. Supp. 1919, § 10199), though it did not allege in terms that the property was furnished by the United States to the soldier.

2. **Army and navy 40—Description of property in indictment for purchasing from soldier sufficient.**

Description in an indictment of property of the United States alleged to have been unlawfully purchased as "three head of horses" *held* sufficient.

3. **Criminal law 1036(8)—Question of sufficiency of evidence not reviewable unless raised in trial court.**

The question of sufficiency of the evidence to support the judgment is not reviewable by the appellate court unless presented to the trial court at the conclusion of the trial.

4. **Army and navy 40—Property in possession of soldier held "furnished" within meaning of statute.**

Military property of the United States placed in the custody of a soldier is "furnished" to such soldier within the meaning of Criminal Code, § 35, as amended by Act Oct. 23, 1918 (Comp. St. Ann. Supp. 1919, § 10199), making it an offense to knowingly purchase property so furnished.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Furnish.]

5. **Criminal law 1186(4)—Instructions not substantially erroneous not ground of reversal.**

Where the instructions stated the substantial elements of the offense charged under Criminal Code, § 35, as amended (Comp. St. Ann. Supp. 1919, § 10199), it is not ground for reversal that they were based on the statute before amendment; Judicial Code, § 269, as amended by Act Feb. 26, 1919 (Comp. St. Ann. Supp. 1919, § 1246), putting the burden on plaintiff in error to show that same substantial right has been denied.

In Error to the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

Criminal prosecution by the United States against Isaac Trope. Judgment of conviction, and defendant brings error. Affirmed.

John F. Thomas, B. M. Parmenter, and Stevens & Richardson, all of Lawton, Okl., for plaintiff in error.

Herbert M. Peck, U. S. Atty., and Benjamin L. Tisinger, Asst. U. S. Atty., both of Oklahoma City, Okl.

Before SANBORN and CARLAND, Circuit Judges, and MUNGER, District Judge.

MUNGER, District Judge. The plaintiff in error, hereafter called defendant, was convicted on three counts of an indictment which charged that he purchased from a soldier military property of the United States. It is conceded by the district attorney that the indict-

ment was drawn on the supposition that the statute which applied to the facts was section 35 of the Penal Code as it existed prior to the amendment thereto by the Act of Congress of October 23, 1918, 40 Stat. 1015 (volume 2, Supp. U. S. Comp. Stats. 1919, § 10199). If any offense was committed it occurred subsequently to the taking effect of the amended section of the Code. Before the amendment the applicable portion of this section read as follows:

"And whoever shall knowingly purchase or receive in pledge for any obligation or indebtedness from any soldier, officer, sailor, or other person called into or employed in the military or naval service, any arms, equipments, ammunition, clothes, military stores, or other public property whether furnished to the soldier, sailor, officer, or person under a clothing allowance or otherwise such soldier, sailor, officer, or other person not having the lawful right to pledge or sell the same, shall be fined not more than five hundred dollars, and imprisoned not more than two years." Comp. St. § 10199.

The amendment changed this statute so as to read:

"And whoever shall purchase, or receive in pledge, from any person any arms, equipment, ammunition, clothing, military stores, or other property furnished by the United States under a clothing allowance or otherwise, to any soldier, sailor, officer, cadet, or midshipman in the military or naval service of the United States or of the National Guard or Naval Militia, or to any person accompanying, serving, or retained with the land or naval forces and subject to military or naval law, having knowledge or reason to believe that the property has been taken from the possession of the United States or furnished by the United States under such allowance, shall be fined not more than $500 or imprisoned not more than two years, or both." Comp. St. Ann. Supp. 1919, § 10199.

[1] The defendant alleges that the court erred in overruling his motion to quash and his demurrer to the indictment and his motion in arrest of judgment, because the indictment stated no offense against the laws of the United States. The specific objections made are that no count of the indictment alleged that the property purchased had been furnished by the United States to any soldier or other person named in the statute for any purpose, and that the description of the property was too indefinite.

The statute as amended confines the offense to purchasers and pledgees of property furnished by the United States under a clothing allowance or otherwise. The indictment does not allege in exact words that the animals purchased were furnished by the United States to the seller, but it did allege that they were knowingly purchased from a soldier then enlisted and employed in the military forces of the United States and were military property and the property of the United States and were then in the possession of the seller for the use and benefit of the United States army. and this is equivalent to a charge that the United States furnished them to the soldier. Section 1025 of the Revised Statutes (Comp. St. § 1691) provides that no indictment shall be deemed insufficient by reason of any defect of form only which does not tend to prejudice the defendant, and section 269 of the Judicial Code (Comp. St. § 1246) provides that on the hearing of a writ of error in a criminal case, the court shall give judgment after an examination of the entire record without regard to technical errors, de-

fects, or exceptions which do not affect the substantial rights of the parties. It is not necessary that an indictment in describing a statutory offense shall use the very words of the statute, as any other form of expression is sufficient which fully describes the offense. Dunbar v. United States, 156 U. S. 185, 191, 15 Sup. Ct. 325, 39 L. Ed. 390; Lemon v. United States, 164 Fed. 953, 957, 90 C. C. A. 617.

[2] The complaint of the description of the property purchased is that it is stated in the several counts as "three head of horses," "one horse," and "one mule," without setting forth the organization for which the animals were provided, or the branch of the army to which the seller belonged. The indictment need not plead the evidence, and, if the ultimate facts alleged do not sufficiently inform the defendant to enable him to prepare his defense, he may ask for a bill of particulars. The ownership of these animals was averred, and they were described as military property and in the possession of a named soldier on a named date, and the value was stated. It has long been settled under analogous statutes that a more particular description of the character of the animal cannot be required. Dunbar v. United States, supra; United States v. Claflin, 13 Blatchf. 178, 25 Fed. Cas. No. 14798; 2 Bish. Cr. Proc. § 700(1); Fleck v. United States (C. C. A.) 265 Fed. 617, 618. No claim is made that the defendant was not sufficiently informed of the charge against him to enable him to prepare his defense, and the indictment was definite enough to enable the defendant to use a judgment under it in bar of a second prosecution, and hence was not void for indefiniteness.

[3] Error is assigned because of the overruling of the motion for a new trial, and because the judgment was not sustained by sufficient evidence. These assignments present no questions for review, as has been many times stated by the decisions of this court, and no question of the sufficiency of the evidence was presented to the court at the conclusion of the trial, which was the proper step to require a review of its sufficiency by this court. Gillette v. United States, 236 Fed. 215, 218, 149 C. C. A. 405; Joplin & P. Ry. Co. v. Payne, 194 Fed. 387. 389, 114 C. C. A. 305; Prosser v. United States (C. C. A.) 265 Fed. 252, 253.

[4] The point urged is that the evidence did not show that any of these animals had been furnished to the soldiers. An examination of the evidence has been made, and it appears to have been shown that these animals were a part of the property of the United States, kept at the remount station at Ft. Sill, Okl., for the use of the army and were confined in corrals with other horses and mules which had been inspected and condemned as not suitable for army purposes. The regular procedure was for the proper army officers to hold a public sale of these animals, and pending such a sale they were kept and cared for by the soldiers in charge. The men who sold these horses were quartermaster sergeants on whom was placed the duty of caring for them. Under these circumstances the United States furnished the animals to the soldiers, as the custodians and helpers in charge of them. The word "furnished" as used in this statute means provided

or supplied by the United States to any soldier or other person of the classes named for any purpose.

[5] A further complaint is made that the court's instructions were based upon the provisions of section 35 of the Criminal Code as it existed before it was amended. No exception was taken to the instructions which in any way raised the question, and no assignment of error presents it. It is not pointed out in what particular the jury was misled, and an examination of the instructions shows that the court stated the essential elements of the offense as charged in the indictment and as described in the amended statute as the facts that the jury must find before returning a verdict of guilty. The jury was instructed that the animals purchased must have been furnished to the army, and that the buyer must have guilty knowledge that the soldier had no right to sell them, and that these soldiers had no right to make the sales charged. Since the amendment of section 269 of the Judicial Code (Comp. St. Ann. Supp. 1919, § 1246) the burden is on the plaintiff in error to show from the whole record that some substantial right has been denied to him. Rich v. United States (C. C. A.) 271 Fed. 566, 570.

There appears to be no substantial error and the judgment will be affirmed.